# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 09-1162

**LYNDA K. BREAUX**

**VERSUS**

**NORTHWESTERN STATE UNIVERSITY**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 2
PARISH OF RAPIDES, NO. 07-07115
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

**ULYSSES GENE THIBODEAUX**
**CHIEF JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and Elizabeth A. Pickett, Judges.

**AFFIRMED.**

**Edward M. Campbell**
**Special Assistant Attorney General**
**1721 Washington Street**
**Natchitoches, LA 71457**
**Telephone: (318) 560-3027**
**COUNSEL FOR:**
    **Defendant/Appellee - Northwestern State University**

**Robert L. Beck, III**
**P. O. Drawer 12850**
**Alexandria, LA 71315-2850**
**Telephone: (318) 445-6581**
**COUNSEL FOR:**
    **Plaintiff/Appellant - Lynda K. Breaux**

**THIBODEAUX, Chief Judge.**

In this workers' compensation case, both the plaintiff and the defendant appeal the judgment of the Office of Workers' Compensation (OWC). During the course of her employment with Northwestern State University, Lynda K. Breaux experienced three workplace accidents and suffered injuries from each. Ms. Breaux underwent numerous tests and treatments, but the parties disagreed about the extent of Ms. Breaux's injuries and Northwestern's obligations to her under the workers' compensation laws. The workers' compensation judge (WCJ) found that Ms. Breaux suffered three separate workplace accidents and that those accidents resulted in injuries to her right shoulder and left knee. The WCJ refused to award Ms. Breaux compensation for alleged injuries to her cervical or lumbar spine. He did, however, hold that Ms. Breaux's injury to her right shoulder entitled her to weekly indemnity benefits. The WCJ also penalized Northwestern for its failure to timely approve medical treatment related to Ms. Breaux's right shoulder injury and to pay Ms. Breaux disability benefits for the period she was disabled as a result thereof.

On appeal, Ms. Breaux contends that the WCJ erred in finding that she did not sustain injury to her cervical or lumber spine. Northwestern asserts a fraud claim under La.R.S. 23:1208 and challenges the WCJ's findings (a) that an accident occurred that injured Ms. Breaux's right shoulder; (b) that Ms. Breaux was entitled to disability benefits for injuries to her right shoulder; and, (c) that Northwestern was subject to penalties and attorney fees for injuries suffered by Ms. Breaux to her right shoulder.

We affirm the judgment of the OWC.

# I.

## ISSUES

We must decide whether:

(1)    the OWC manifestly erred in refusing to impose sanctions on Ms. Breaux for submitting a false claim;

(2)    the OWC manifestly erred by finding that Ms. Breaux sustained an accident and resulting injuries in July 2007;

(3)    the OWC manifestly erred by finding that Ms. Breaux was entitled to disability benefits for injuries to her right shoulder;

(4)    the OWC manifestly erred by imposing penalties and fees on Northwestern for Ms. Breaux's shoulder injury; and,

(5)    the OWC manifestly erred in finding that Ms. Breaux did not sustain injuries to her lumbar or cervical spine.

# II.

## FACTS AND PROCEDURAL HISTORY

Ms. Breaux worked as an athletic grounds keeper for the Northwestern Athletic Department. Her job was labor-intensive and involved mowing the grass, preparing athletic fields for sporting events, trimming trees and bushes, and maintaining the lawn equipment. Ms. Breaux's supervisor characterized her as a "good worker," but her employment at Northwestern was not without its issues. Specifically, Ms. Breaux suffered three major accidents while employed by Northwestern.

Ms. Breaux suffered her first workplace accident on September 25, 2006. Ms. Breaux sustained injury to her back while picking up fallen tree limbs on campus. Ms. Breaux immediately reported the accident to several Northwestern personnel, and

2

one of the individuals completed an accident report. Ms. Breaux's family practitioner, Dr. Warren Founds, prescribed a one-month regimen of physical therapy. Following the physical therapy treatments, Dr. Founds released Ms. Breaux to work with the restriction that she not lift more than ten pounds.

Ms. Breaux's second accident at Northwestern occurred on March 5, 2007, while Ms. Breaux attempted to mow the track and field complex at Northwestern. While detaching a chain that secured a gate to an adjacent fence, the gate fell and knocked Ms. Breaux to the ground, injuring her fingers, left knee, and right shoulder. Ms. Breaux reported the accident to Northwestern personnel, and Northwestern filed an accident report. When Ms. Breaux's knee pain did not abate, she sought treatment from Dr. Geoffrey Collins. She reported to Dr. Collins that she experienced pain in both her left knee and right shoulder, but Dr. Collins informed her that he was only authorized to treat her left knee. With regard to the knee, Dr. Collins diagnosed a probable medial meniscus tear. Dr. Collins subsequently performed arthroscopic surgery on Ms. Breaux's knee and determined that she suffered from "an undersurface mid-body tear and posterior horn tear of the medial meniscus which was debrieded." Though surgery alleviated some of Ms. Breaux's knee pain, the knee continued to swell intermittently. Ms. Breaux returned to work.

Ms. Breaux's third accident occurred on July 13, 2007 while Ms. Breaux mowed the grass around Northwestern's softball field. While mowing the grass, a roller tool fell and struck Ms. Breaux across the knees. Ms. Breaux suffered intense pain and immediately contacted her supervisors at Northwestern to report the accident. Northwestern, however, failed to investigate the accident until three days later.

3

Following the third accident, Ms. Breaux visited Dr. Collins where she complained of pain in her knees and numbness and tingling extending down her legs. Two weeks following that visit, Ms. Breaux began experiencing low back pain, and she contacted Dr. Collins about that pain. Dr. Collins ordered a lumbar MRI, which was completed, and he recommended lumbar epidural steroid injections for therapeutic and diagnostic reasons. Northwestern never authorized the steroid injections or any other treatment with regard to Ms. Breaux's lower back.

At the same time that Ms. Breaux was experiencing lower back pain, allegedly from the July 13, 2007 accident, Ms. Breaux was still experiencing right shoulder pain as a result of the March 5, 2007 accident. Ms. Breaux made formal demand on Northwestern to approve Dr. Collins' treatment of her right shoulder. Northwestern initially refused to approve treatment to Ms. Breaux's right shoulder, and no treatment for the right shoulder was approved until seven months after the March 2007 accident.

In early 2008, Ms. Breaux underwent an MRI on her right shoulder, and following the test, Dr. Collins diagnosed a tear in the shoulder, but he could not adequately diagnose Ms. Breaux's condition without arthroscopic surgery on the shoulder. Dr. Terry Texada, Northwestern's doctor of choice, concurred with Dr. Collins' assessment. Dr. Riad Haj Murad, a neurologist, also examined Ms. Breaux's shoulder, and he opined that Ms. Breaux suffered from double crush syndrome.

The WCJ concluded that: (1) Ms. Breaux proved by a preponderance of the evidence that she was involved in three separate work accidents at Northwestern; (2) Ms. Breaux proved by a preponderance of the evidence that the work accident on March 5, 2007, caused her to sustain injuries to her right shoulder and left knee; (3) Ms. Breaux proved by clear and convincing evidence that the injury to her right

4

shoulder prevented her from performing her job duties at Northwestern, thereby entitling her to receive weekly indemnity benefits in the amount of $276.00 per week; (4) Ms. Breaux failed to prove by a preponderance of the evidence that she sustained injury to her cervical or lumbar spine; and, (5) as a result of Northwestern's failure to timely approve medical treatment related to Ms. Breaux's right shoulder injury and to pay disability benefits for the period she was disabled as a result thereof, Ms. Breaux was entitled to two separate statutory penalties in the amount of $2,000.00, together with reasonable attorney fees in the amount of $4,500.00.

On appeal, Ms. Breaux challenges the WCJ's judgment regarding lack of injury to her cervical and lumbar spine. Northwestern asserts a Section 1208 fraud claim and challenges the WCJ's findings (a) that an accident occurred that injured Ms. Breaux's right shoulder; (b) that Ms. Breaux was entitled to disability benefits for injuries sustained to her right shoulder; and, (c) that Northwestern was subject to penalties and attorney fees for Ms. Breaux's shoulder injury.

III.

**LAW AND DISCUSSION**

**Standard of Review**

The supreme court articulated the standard of review in workers' compensation cases as follows:

> In worker's compensation cases, the appropriate standard of review to be applied by the appellate court to the OWC's findings of fact is the "manifest error-clearly wrong" standard. *Brown v. Coastal Construction & Engineering, Inc.*, 96-2705 (La.App. 1 Cir. 11/7/97), 704 So.2d 8, 10, (citing *Alexander v. Pellerin Marble & Granite*, 93-1698, pp. 5-6 (La. 1/14/94), 630 So.2d 706, 710). Accordingly, the findings of the OWC will not be set aside by a reviewing court unless they are found to be clearly wrong in light of the record viewed in its entirety. *Alexander*, 630 So.2d at 710. Where there is conflict in the

5

> testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. *Robinson v. North American Salt Co.*, 02-1869 (La.App. 1 Cir. 2003), 865 So.2d 98, 105, *writ denied*, 03-2581 (La. 11/26/03), 860 So.2d 1139.

*Dean v. Southmark Const.*, 03-1051, p. 7 (La. 7/6/04), 879 So.2d 112, 117.

## La.R.S. 23:1208 Sanctions

Northwestern asserts that the WCJ erred by not assessing sanctions against Ms. Breaux under La.R.S. 23:1208. Section 1208 provides sanctions against claimants for reporting false workers' compensation claims. The preeminent case in Louisiana jurisprudence on this issue is *Resweber v. Haroil Constr. Co.*, 94-2708 (La. 9/5/96), 660 So.2d 7. Northwestern, however, mentions neither *Resweber*, nor any other case on the subject, in its brief. In fact, other than in its assignment of errors and in its conclusion, Northwestern never mentions La.R.S. 23:1208. Because we find that Northwestern failed to brief the issue of sanctions under La.R.S. 23:1208, we consider that claim abandoned on appeal.

## Employment Related Injury in July 2007

Northwestern argues that the WCJ erred by finding that Ms. Breaux suffered injuries following the July 2007 accident on Northwestern's campus. They argue that (1) the accident never happened; and (2) even if the July 2007 accident did occur, Ms. Breaux's injuries do not relate to it.

With regard to the existence of the accident, Northwestern argues that the facts of the accident as alleged by Ms. Breaux create an impossibility. They also assert that the individuals who reported the accident are "biased" in favor of Ms.

Breaux. Finally, Northwestern points to its own investigation which they claim supports a finding that no accident occurred.[1]

We review the WCJ's finding of an accident for manifest error. The WCJ considered the testimony of those individuals to whom Ms. Breaux reported the accident, and he considered the evidence Northwestern presented from its investigation. From that, he concluded that Ms. Breaux suffered an accident on Northwestern's campus in July 2007. We find that his judgment was not erroneous.

Northwestern claims that even if an accident occurred, Ms. Breaux suffered no injuries related to the accident. In *Bruno v. Guaranty Bank & Trust Co.*, 92-936, p. 5, 617 So.2d 1351, 1353-54 (La.App. 3 Cir. 5/5/93) (citations omitted), we articulated the standard for proving a claim of a work-related accident:

> [T]he evidence is viewed in a light most favorable to claimant. By proving the occurrence of an accident and a subsequent disability, and where there is no proven intervening cause, the *presumption* is raised that the work-related accident caused the disability. Once [the plaintiff] has proven facts sufficient to give rise to the presumption, the burden switches to defendants to prove the absence of a causal connection between accident and injury.

Here, Ms. Breaux submitted sufficient evidence supporting her claim. Specifically, she personally testified about the accident, and she presented evidence of her injuries. The evidence presented raised the presumption that the work-related accident in July 2007 caused her injuries. The burden then shifted to Northwestern. Northwestern presented its investigatory findings to the WCJ. On appeal, it recounts those findings to the court in excruciating detail. Northwestern's investigatory findings failed to sway the WCJ from the presumption created by Ms. Breaux, and we

---

[1]Northwestern failed to immediately investigate the accident. All evidence accumulated through their investigation was not gathered until three days following the accident.

find no error in his judgment that Ms. Breaux's injuries were caused by the July 2007 accident.

**Injury to Right Shoulder**

On appeal, Northwestern asserts two assignments of error with regard to the WCJ's findings about Ms. Breaux's right shoulder. Northwestern alleges: (1) the WCJ erred in awarding Ms. Breaux benefits for a shoulder injury that occurred through a workplace accident; and, (2) the WCJ erred in awarding penalties and attorney fees for Ms. Breaux's shoulder injury. We examine each contention in turn.

*(1) Award of Benefits*

The WCJ found that Ms. Breaux proved by a preponderance of the evidence that the accident on March 5, 2007, resulted an injury to her right shoulder. Thus, he determined that she was entitled to receive reasonable and necessary treatment for these injuries. We agree.

Ms. Breaux's shoulder injury is well-documented and supported. Dr. Collins recognized an injury to her right shoulder and recommended a diagnostic surgery. Moreover, Dr. Texada agreed with Dr. Collins' recommended course of treatment. Thus, we find that the WCJ was not manifestly erroneous in awarding workers' compensation benefits to Ms. Breaux for injuries sustained to her right shoulder.

*(2) Penalties and Fees*

Northwestern argues that the WCJ improperly awarded penalties and fees to Ms. Breaux for her shoulder injuries because Northwestern possesses facts that dispute Ms. Breaux's medical condition. Northwestern misses the point of the WCJ's award. The WCJ did not, as Northwestern suggests, award penalties and fees

to Ms. Breaux because of the mere fact that a claim existed. Instead, the WCJ awarded penalties and fees to Ms. Breaux because of two blatant errors by Northwestern: (a) Northwestern's failure to authorize diagnostic surgery for Ms. Breaux's right shoulder injury; and (b) Northwestern's discontinuation of benefits to Ms. Breaux after the injury to her right shoulder rendered her disabled.

Northwestern's actions in this matter were abominable. With regard to the diagnostic surgery recommended by Dr. Collins and Dr. Texada that would have shed more light on the source of her shoulder injury, Northwestern steadfastly refused to approve the surgery. Despite never speaking with Dr. Collins about the surgery, the adjuster assigned to Ms. Breaux's case, Kayla Crowe, naively inferred from Dr. Collins' deposition that he no longer wanted to perform the surgery. Without verifying this interpretation of Dr. Collins' testimony, Ms. Crowe denied the surgery. The WCJ, therefore, properly awarded penalties and attorney fees to Ms. Breaux for Northwestern's failure to authorize diagnostic surgery for her shoulder injury.

Similarly, Northwestern, through Ms. Crowe, apparently disregarded the medical evidence and independently determined that Ms. Breaux "recovered" from her shoulder injury. Northwestern then discontinued medical benefits. The WCJ rightly rejected Northwestern's flawed decision and awarded penalties and reasonable attorney fees to Ms. Breaux. We find no error in the WCJ's judgment on this issue.

**Injuries to Lumbar and Cervical Spine**

Ms. Breaux argues that the WCJ erred by finding that she did not sustain injury to her lumbar or cervical spine. We disagree. An injured worker must establish a causal connection between the injury and the resulting disability by a preponderance of the evidence. *Champagne v. Roclan Systems, Inc.*, 06-1928 (La.App. 1 Cir. 2/20/08), 984 So.2d 808, *writ denied*, 08-1356 (La. 9/26/08), 992

9

So.2d 989 citing *West v. Bayou Vista Manor, Inc.*, 371 So.2d 1146 (La.1979). A plaintiff may also meet her burden of causation by proving that the accident aggravated, accelerated, or combined with the pre-existing condition to produce an injury resulting in a compensable disability. *Id.*

Here, we agree with the WCJ that Ms. Breaux did not meet her burden. With regard to the lumbar spine, Dr. Murad examined Ms. Breaux and noted, "I cannot determine exactly if this is purely related or not but it *could be* the accident is aggravating her condition." Dr. Murad was unable to determine the source of the injury or whether the accident definitively contributed to it. *"Could be"* does not reach the burden of preponderance of the evidence.

Similarly, Dr. Collins was unable to reach a conclusive diagnosis regarding Ms. Breaux's cervical spine. After examining her, Dr. Collins stated that the spinal stenosis that contributed to her neck pain "*could be*" congenital, degenerative, or traumatic. Again, this inconclusive statement by Dr. Collins does not allow Ms. Breaux to reach her burden of preponderance of the evidence.

Thus, we affirm the judgment of the WCJ with regard to Ms. Breaux's claims of lumbar and cervical spine injuries.

IV.

**CONCLUSION**

For the foregoing reasons, we affirm the judgment of the OWC. Costs of this appeal are assessed to Northwestern State University.

**AFFIRMED.**